IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA D. OLIVER,

    Plaintiff,

    v.

UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,

    Defendant.

Case No. 21-2600-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Sandra D. Oliver's Motion for Appointment of Counsel. (ECF 11.) For the reasons discussed below, the court denies Oliver's request for appointment of counsel without prejudice to being renewed if her claims survive summary judgment and proceed to trial.

**I.    BACKGROUND**

Oliver, proceeding *pro se*, filed a complaint on December 27, 2021. On May 31, 2022, the court dismissed Oliver's claims because she failed to timely serve defendant. (ECF 9.) She has since filed a motion to reopen the case. (ECF 10.) Oliver's bare-bones complaint alleges that her employer, defendant University of Kansas Housing Authority, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* by discriminating against her based on her race.

**II.    LEGAL STANDARDS**

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. Title VII gives courts discretionary

authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In exercising this discretion, the court considers the following factors: (1) the party's "financial inability to pay for counsel," (2) the party's "diligence in attempting to secure counsel," (3) the merits of the party's claims, and (4) the party's ability to present the case without counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421-22 (10th Cir. 1992). The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Id.* at 1421. Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

## III.   DISCUSSION

The court does not find it appropriate to appoint counsel for Oliver. Although Oliver has shown that she conferred with a number of attorneys regarding legal representation (ECF 11, at 2-4), other factors weigh against appointing counsel. Perhaps because Title VII authorizes an award of attorney's fees for prevailing plaintiffs, *see* 42 U.S.C. § 2000e–5(k), there is no shortage of attorneys in the Kansas City area willing to represent plaintiffs with meritorious employment claims on a contingency basis (i.e., at no up-front cost). Thus, if Oliver's claims have merit, she should have little trouble hiring counsel. Based on the very limited factual allegations and claims presented in the complaint, the court is unable to determine whether Oliver's claims are particularly meritorious. In addition, should Oliver proceed without an attorney, she has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the court, particularly given the liberal standards governing *pro se* litigants. The factual and legal issues in this case are not extraordinarily complex. And the court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. Oliver's motion for appointment of counsel therefore is denied. However, the court will deny the motion without prejudice to it being renewed if Oliver's claims survive summary judgment and proceed to trial. The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). Oliver therefore may renew her motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Oliver's Motion to Appoint Counsel (ECF 11) is denied without prejudice.

Dated October 21, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
